[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 7, 1997 CT Page 1887
Plaintiff Timothy Fellows appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the plaintiff.
On February 7, 1996, following a de novo hearing, the defendant board rendered its final decision on the plaintiffs appeal of the decision of the state commissioner of public safety revoking the plaintiffs permit to carry a handgun. The board found that the plaintiff routinely kept a handgun in a plastic container between the seats of his van. In March 1995, while on a trip to Florida, a passenger in the van "apparently" threw the gun out along with trash that was also in the container. The plaintiff did not discover the gun to be missing until about three months later.
Based on those findings, the board determined that the plaintiff was guilty of "sloppy handling and lack of oversight of a firearm," which "put the general public and himself at risk of an accident or of the firearm falling into the wrong hands." The board concluded that the plaintiff is not "a suitable person" to hold a permit and affirmed the revocation.
The plaintiff raises a number of arguments in support of his appeal of the board's decision, but they may be boiled down to the general contention that the board misapplied the law and abused its discretion in finding cause to revoke the permit.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988). On the other hand, the court may not affirm an agency's decision if it is unreasonable, arbitrary or affected by error of law. General Statutes § 4-183
(j). CT Page 1888
This court and other courts of the state have had numerous occasions to review conclusions by the defendant board that a permit holder is or is not a suitable person to hold a permit to carry a handgun within the meaning of General Statutes §§ 29-28
to 29-32b. In order to determine that a person is "unsuitable" to continue to hold a gun permit, the law requires that there be facts sufficient to show generally that he or she lacks "the essential character or temperament necessary to be entrusted with a weapon." Dwyer v. Farrell, 193 Conn. 7, 12 (1994); Rabbitt v.Leonard, 36 Conn. Sup. 108 (1979). More specifically, the facts found by the board should show or provide a logical inference that the person poses some danger to the public if allowed to carry a weapon outside the home or business. Storace v. Mariano,35 Conn. Sup. 28, 33 (1978).
In the present case, on the basis of the limited facts found by the board, it is impossible to conclude that the plaintiff lacks the essential character necessary to be entrusted with a handgun; that is, that he poses a danger to the public if allowed to carry a gun outside his home or business. The plaintiff is not accused of violating any specific statutory provisions relating to the storage and inspection of handguns. There is no finding that the plaintiff ever lost a gun under any circumstances prior to this one occasion. There is no finding that the gun was stored or even lost in a place where it would be at high risk of falling "into wrong hands." To borrow an adverb from the board's lexicon, the plaintiff "apparently" lost the gun because a trying-to-be-helpful traveling companion unwittingly threw the gun out in his zeal to dispose of trash accumulated in their van. The plaintiff was not aware at the time that the mishap had occurred. Such a momentary lack of concentration does not indicate that the plaintiff is a danger to the public if allowed to carry a gun. And his subsequent ignorance that the gun was missing from its usual storage place is likewise not an obvious danger signal. The board's contrary view of the facts, if upheld, would set a standard impossible to achieve and unnecessary for the purposes of the applicable statutes.
Pursuant to General Statutes § 4-183 (j), the plaintiffs appeal is sustained. Pursuant to § 4-183 (k), the case is remanded to the board so that it may order the plaintiffs permit restored.
MALONEY, J.
CT Page 1889